CHESTER KOZLOWSKI and ALICE KOZLOWSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kozlowski v. Commissioner
Docket No. 2699-75
United States Tax Court
T.C. Memo 1977-81; 1977 Tax Ct. Memo LEXIS 361; 36 T.C.M. (CCH) 362; T.C.M. (RIA) 770081; March 24, 1977, Filed *361 Chester Kozlowski, pro se. W. Robert Abramitis, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1973 in the amount of $644.48. Due to concessions, the issues remaining for our decision are: (1) Whether petitioners are entitled to a medical expense deduction in the amount claimed on their return. (2) Whether petitioners received additional income in the form of the personal use of a car provided by petitioner Chester Kozlowski's employers. (3) Whether petitioners are entitled to use the standard mileage rate to determine deductible costs of operating a passenger car in petitioner Chester Kozlowski's trade or business. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners resided in Lackawanna, New York at the time they filed their petition in this case. Petitioners timely filed their 1973 Federal income tax return with the *362 internal revenue service center at Andover, Massachusetts. [2]
During the taxable year 1973, petitioner was employed as an automobile salesman by various auto dealers in the Buffalo, New York metropolitan area. Petitioner did not personally own the automobiles which he used in his business. They were provided by petitioner's employers. OPINION Petitioner claimed medical expense deductions of $1351 on his return for the year in issue, less the 3 percent statutory floor imposed by section 213(a)(1). [3] Respondent disallowed all but $15 of the claimed expense in the statutory notice for lack of substantiation. Respondent now concedes that petitioner has substantiated $878.44 in medical expenses. The figure separating the parties on allowable medical expenses has therefore been greatly narrowed. Petitioner appeared and testified fully as to his medical expenses. It appears that some *363 of the additional expenses not accounted for were expended on health insurance at a time when petitioner was admittedly employed by an employer who did not have a group plan. Additionally, petitioner produced some additional documentation. In view of the amount respondent has now conceded, the additional documentation provided, and petitioner's detailed testimony on the remaining expenditures (which we found highly credible) we sustain petitioner in full on the issue of appropriate amount of deductible medical expenses. Petitioner was employed during the year in issue as an automobile salesman for several different dealers. The dealers provided him with a car every three months which petitioner was entitled to use in his business and also for incidental personal purposes. Other than minor repairs in the case of scratches or dents, the only cost petitioner was required to bear was for oil and gas. It is clear that petitioner is not entitled to use the standard mileage rate under these circumstances since he did not own the car. See Rev. Proc. 70-25, 1970-2 C.B. 506. However, petitioner did provide substantiation for $608.60 in deductible auto expenses for business *364 purposes that respondent now concedes. Under the circumstances presented, petitioner's deductible expenses for automobile business expenses during the year in issue are $608.60. Petitioner also concedes, both from information provided on his return and at trial, that he used the employer-provided automobile for personal purposes about 20 percent of the time. The mileage traveled for personal purposes was 5,000 miles. Respondent included $467 in petitioner's income for this benefit provided by his employer. Considering all of the circumstances in the record, we feel the appropriate amount of additional income attributable to personal use of the employer's automobile was $450. Due to concessions by the parties, Decision will be entered under Rule 155.* Footnotes
1. Respondent conceded at trial that petitioner Chester Kozlowski is entitled to deduct $74 in business meals and $104 for business gifts in 1973.↩
2. Since petitioner Alice Kozlowski is involved in these proceedings solely by virtue of filing a joint return, Chester Kozlowski will be hereinafter referred to as petitioner.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩